Justices CASTILLE and EAKIN join this dissenting opinion.

Justice EAKIN dissenting.

I respectfully dissent from the majority's conclusion that the probation officer lacked reasonable suspicion to search appellee's person and property. The majority focuses on one fact: the basis for the officer's knowledge of appellee's potential involvement in a crime was an uncorroborated tip. One must question the sanity of any officer who would ignore such a warning; any reasonable officer would never ignore such a tip, and whether eventually verified or disproved, would take the limited and very sensible precautions taken here.

The tip, in conjunction with appellee's nervous behavior, viewed through the eyes of an experienced officer alerted to the potential of appellee's involvement in recent violence, led to the reasonable conclusion that something was amiss.[1] *See In the Interest of D.M.*, 556 Pa. 160, 727 A.2d 556, 559 (1999); *id.*, at 559–60 ("The evidence ... must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement."); *see also Commonwealth v. Zhahir*, 561 Pa. 545, 751 A.2d 1153, 1157 (2000) (where source of officers' information is unknown, necessary corroboration may be supplied by circumstances independent of tip, *e.g.*, observation of suspect's suspicious conduct). I would thus reverse the Superior Court and uphold the trial court's finding that under these facts, there was reasonable suspicion for the search, and the gun was admissible evidence.

Curt THOMAS, Appellant,

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.

Supreme Court of Pennsylvania.

Dec. 27, 2007.

**ORDER**

PER CURIAM.

AND NOW, this 27th day of December, 2007, the order of the Commonwealth Court is hereby **AFFIRMED**.

Jurisdiction relinquished.

Troy CONNELLY, Appellant,

v.

DEPARTMENT OF CORRECTIONS, Appellee.

Supreme Court of Pennsylvania.

Dec. 27, 2007.

---

1. Having concluded there was reasonable suspicion, I would not reach the issue of whether *Samson v. California*, 547 U.S. 843, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006) (reasonable suspicion not required for search of parolee), applies.

**430**

## ORDER

PER CURIAM.

**AND NOW,** this 27th day of December, 2007, the Order of the Commonwealth Court dated May 4, 2007 is **AFFIRMED.**